UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAVIV AZIZBAYEV,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>Defendants. | Docket No.: 19-cv-5399<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Ravil Azizbayev ("Plaintiff") brings this putative class action against Defendant Transworld Systems, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"). The matter comes before the Court on Defendant's motion to dismiss. ECF No. 5. For the reasons set forth below, Defendant's motion is **DENIED WITHOUT PREJUDICE** and the matter is **STAYED**.

**I. BACKGROUND**

According to the Complaint, Defendant is a "debt collector" within the meaning of the FDCPA. Compl. ¶ 8 (citing 15 U.S.C. § 1692(a)(6)). Defendant contracted with MSHQ Professional Billing ("MSHQ") to collect a debt Plaintiff owed to MSHQ. *Id.* ¶ 25. In March 2018, Defendant sent Plaintiff a letter ("Letter") regarding the debt owed. *Id.* ¶ 27. The Letter allegedly "does not meet the required guidelines of the FDCPA, as interpreted by the Third Circuit, because it falsely omits the requirement . . . that a consumer must dispute [her debt] in writing." *Id.* ¶ 35-36 (citing 15 U.S.C. § 1692g(a)(3)). For the same reasons, Defendant allegedly violated 15 U.S.C. § 1692e's ban on the use of false, deceptive, or misleading means in connection with the collection of any debt. Compl. ¶ 43.

Now before the Court is Defendant's motion to dismiss. ECF No. 5. Defendant argues that the Letter complies with the requirements of 15 U.S.C. § 1692g because it is almost identical to the FDCPA's statutory language and thus, Defendant cannot be liable for section 1692g or derivative section 1692e violations. Mot. at 4, 15. Defendant cites a series of district court cases within the Third Circuit in accord. *Id.* at 7-15. Alternatively, Defendant argues the FDCPA is unconstitutionally vague. *Id.* at 16. Plaintiff opposes the motion, citing a string of cases holding that debt collection letters almost identical to the Letter here (which also track the statutory language) violate the FDCPA. Opp. at 5-11, ECF No. 9.

On May 6, 2019, the United States Government filed a letter (1) requesting to be notified if the Court decides to take up Defendant's constitutional arguments and (2) urging the Court to withhold decision pending resolution of similar matters currently on appeal. Gov. Ltr. at 2-3, ECF No. 10. Defendant subsequently filed a reply brief, largely repeating his prior

1

arguments, ECF No. 11, and a letter notifying the Court of additional precedent from Judge Arleo. ECF No 12.

## II. DISCUSSION

This case centers on whether the Letter appropriately mentioned that a debt dispute must be in writing. Courts within the Third Circuit have gone both ways when presented with language practically identical to the Letter. *Compare Henry v. Radius Glob. Sols.*, 357 F. Supp. 3d 446, 457-58 (E.D. Pa. Jan. 18, 2019) (finding violation despite language tracking FDCPA); *Cadillo v. Stoneleigh Recovery Assocs.*, No. 2:17-cv-7472, 2019 WL 1091391, at *4-5 (D.N.J. Mar. 8, 2019) (same); *Durnell v. Stoneleigh Recovery Assocs.*, 18-cv-2335, 2019 WL 121197, at *1 (E.D. Pa. Jan. 7, 2019) (same), *with Borozan v. Fin. Recovery Servs., Inc.*, 17-cv-11542, 2018 WL 3085217, at *6 (D.N.J. June 22, 2018) (upholding notice tracking statutory language); *Portela v. Diversified Consultants, Inc.*, 17-cv-03431, 2019 WL 449198, at *6 (D.N.J. Feb. 5, 2019) (same).

Fortunately, the Third Circuit will soon resolve the issues pending before this Court. Judge Wigenton recently certified interlocutory appeal for review of a notice practically identical to the one here. *See Cadillo, LLC*, 2019 WL 1091391, at *6. Other district court decisions addressing the same issues are currently on appeal. *See, e.g., Bencosme v. Caine & Weiner*, 18-cv-07990, ECF Nos. 20-22 (order and notice of appeal); *Borozan*, 17-cv-11542, ECF No. 17 (notice of appeal). Judicial economy will best be served by waiting for the Third Circuit to resolve the conflicting district court decisions. Continuing to litigate this same issue piecemeal, at great time, cost, and expense to the Court, debt collectors, and consumers alike is impracticable. Therefore, this case will be **STAYED**. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (describing inherent power of district court to stay proceedings).

## III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss, ECF No. 5, is **DENIED WITHOUT PREJUDICE** and the matter is **STAYED**. An appropriate order follows.

**Date: May 23, 2019**

WILLIAM J. MARTINI, U.S.D.J.